## DAVE OWENS *v.* THE STATE.

1. PRACTICE IN THE COURT OF APPEALS. — It has long been well settled that the rulings of the court below in refusing a continuance, or in admitting or excluding evidence, will not be revised on appeal, unless proper bills of exception were duly taken and are brought up in the record; nor, without a statement of facts duly certified and brought up in the record, will this court revise the refusal of a new trial on account of the charge to the jury or the insufficiency of the evidence.

2. SAME. — Unless certified by the judge who presided at the trial, entries purporting to be a statement of facts and bills of exception cannot be recognized or considered by this court.

APPEAL from the District Court of Menard. Tried below before the Hon. W. A. BLACKBURN.

The indictment was for theft of a mare, and the accused, being found guilty, was allotted five years in the penitentiary.

No brief for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

WINKLER, J.   This court is deprived of the privilege of considering the material questions presented in the motion for a new trial, by the manner the case has been prepared for appeal.

One ground in the motion for a new trial is that the court erred in overruling the defendant's application for a continuance; another ground is alleged error in excluding certain testimony mentioned in the motion; and other causes are that the court erred in its charge to the jury, and that the verdict is contrary to law and the evidence.

The practice has long been settled that the rulings of the court on an application for a continuance, or in admitting or excluding evidence, will not be revised on appeal, except upon proper bills of exception taken in the court below, and incorporated in the record; and it is equally as well settled that the refusal of a new trial will not be revised, with reference to the charge of the court, or the sufficiency of the evidence to support a verdict of conviction, except upon a statement of facts properly certified and set out in the transcript.   In the record before us there is neither bill of exceptions nor a statement of facts.

There is, it is true, what purports to be a statement of facts set out in the transcript; but, whilst it is agreed to by counsel for the accused and for the State, it is not approved by the judge who presided at the trial, which is indispensable — otherwise, it cannot be considered here as a statement of facts, for any purpose whatever.   There is also set out in the transcript what purports to be a bill of exceptions to the ruling of the court below in ruling the defendant to trial, because he had not been served with a true copy of the indictment; in overruling the defendant's application for a continuance; in refusing to permit a certain named witness to testify in the case on behalf of the accused; and in overruling the motion for a new trial — the bill covering,

with its exhibits, several pages of the transcript. Yet it is wanting in that which is indispensable to its validity, namely, the signature of the presiding judge. It does not appear from the record that this pretended bill of exceptions was even presented to the judge, or was by him allowed and signed in the manner required by law, or that he refused to sign it, and that it was signed by by-standers (Pasc. Dig., art. 217); and, being wanting in legal authenticity, the matters embraced in it cannot be considered by this court.

Yet, notwithstanding all this, if it had been made apparent from an examination of the record that the accused had been deprived of his liberty in some other way than by due course of law, we might be compelled to reverse the judgment, unless the error consisted in something he had waived or would be presumed to have waived, or in such error as would have been cured by the verdict and judgment, which is not apparent in the present case. For the authorities, see *Brooks* v. *The State*, 2 Texas Ct. App. 1, and cases there cited.

The indictment is sufficient; the charge of the court is a proper charge on the subject of theft as mentioned in the indictment, and appears to have been given with due regard to the rights of the accused. In it he was allowed the benefits arising from the presumption of innocence and a reasonable doubt. It was not excepted to, nor were any additional instructions asked. So far as we are able to determine from the indictment, the charge of the court, the verdict, and judgment, there is nothing to warrant a reversal, and, therefore, the judgment must be affirmed.

*Affirmed.*